UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT SPENCER LEWIS,

    Plaintiff,

v.                                          Case No.: 2:18-cv-417-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is the Complaint, filed on June 13, 2018. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum detailing their respective positions. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the Plaintiff unable to do his previous work or any other

substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505-.1511, 416.905-.911.

B.      **Procedural History**

On December 16, 2015, Plaintiff filed an application for disability insurance benefits. (Tr. at 120). Plaintiff alleged an onset date of November 1, 2014. (*Id.*). His application was denied initially on February 19, 2016 and again on reconsideration on April 19, 2016. (*Id.* at 68, 77). A hearing was held before Administrative Law Judge ("ALJ") William Manico on February 13, 2017 in Fort Myers, Florida. (*Id.* at 28). ALJ Manico issued an unfavorable decision on July 6, 2017, finding Plaintiff not to be under a disability from November 1, 2014 through June 30, 2015, the date last insured. (*Id.* at 16). Plaintiff requested a review of the decision, which the Appeals Council denied. (*Id.* at 1). Plaintiff filed a Complaint in the United States District Court on June 13, 2018. (Doc. 1). This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 12).

C.      **Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a Plaintiff has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine whether the Plaintiff: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

2

other work found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The Plaintiff has the burden of proof through step four, and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2015. (Tr. at 12). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from November 1, 2014, the alleged onset date, through his date last insured, June 30, 2015. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: arthritis, hepatitis C, and degenerative disc disease. (*Id.* (citing 20 C.F.R. 404.1521)). At step three, the ALJ determined that through the date last insured, Plaintiff "did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments." (*Id.* at 13 (citing 16 C.F.R. 404.1521)). Thus, the ALJ concluded that Plaintiff was not under a disability at any time from November 1, 2014, the alleged onset date, through June 30, 2015, the date last insured. (*Id.* at 16).

**D.** **Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact and must include such

relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (noting that court must scrutinize entire record to determine reasonableness of factual findings).

**II.    Analysis**

On appeal, Plaintiff raises six issues. As stated by the parties, they are:

(1) Whether the ALJ erred in finding Plaintiff had no severe hand impairments;

(2) Whether the ALJ erred in rejecting Dr. Thomas Peele's opinion that Plaintiff suffered from severe impairments;

(3) Whether the ALJ erred in finding Plaintiff's back impairments were not severe;

(4) Whether the ALJ erred in finding Plaintiff did not have a severe shoulder impairment;

(5) Whether the ALJ erred in finding Plaintiff did not have a severe knee impairment; and

(6) Whether the ALJ erred in finding Plaintiff's hepatitis and side effects of its treatment were not severe.

(Doc. 19 at 10, 15, 20, 23, 26, 28). The Court groups these issues logically and addresses them below.

>    A.   **Whether the ALJ Erred in Finding Plaintiff Had No Severe Hand Impairments, Plaintiff's Back Impairments Were Not Severe, Plaintiff Did Not Have a Severe Shoulder Impairment, Plaintiff Did Not Have a Severe Knee Impairment, and Plaintiff's Hepatitis and Side Effects of its Treatment Were Not Severe.**

Plaintiff argues that the ALJ: (1) improperly rejected his claim that his hand pain was severe enough to prevent him from working; (2) erred in failing to find his back impairments severe; (3) erred in failing to find his shoulder impairment severe; (4) erred in failing to find he had a severe knee impairment; and (5) erred in failing to find his hepatitis and the side effects of its treatments were not severe. (*Id.* at 10, 20, 23, 26, 28).

As a preliminary matter, the Court finds that Plaintiff's arguments regarding Issues 1, 3, 4, 5, and 6, are conclusory and contain little, if any, substantive analysis. Although Plaintiff lists some medical evidence regarding his diagnoses and cites to case law and Agency regulations, he makes no effort to tie the evidence or legal authority to his allegation that the ALJ erred nor makes any effort to explain how his impairments effect his ability to work. (*See, e.g.*, Tr. at 10-14, 20-30). While the evidence Plaintiff points to reflects that he was diagnosed with certain impairments, a diagnosis itself is insufficient. *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) ("[T]he claimant must show the effect of the impairment on her ability to work."). Rather than explaining how these diagnoses resulted in severe impairments or effected his ability to work, Plaintiff makes wholly conclusory statements regarding the ALJ's alleged errors.

To illustrate, with regard to the issue related to his hand pain, Plaintiff explains, "Under 20 C.F.R. § 404.1522, an impairment or combination of impairments is not severe if it does not significantly limit an individual's physical or mental ability to do basic work activities" and that according to the Revised Handbook for Analyzing Jobs, "the bottom 10% is deemed markedly

5

low or minimal." (Doc. 19 at 13).  He then argues, "Plaintiff's impairments clearly exceed the 'minimal or none' standard describing the bottom 10% and so he is significantly limited in the ability to do basic work activities as specified by 20 C.F.R. § 404.1522." (*Id.*).  Plaintiff fails, however, to explain just *how* his alleged hand impairments "clearly" exceed the relevant standard and fails to explain how these impairments limit his ability to do basic work activities.  As for Issues 3 through 6, Plaintiff's substantive analysis consists of nothing more than a statement that "[i]n failing to find Plaintiff's [relevant impairments] severe, the ALJ issued a decision unsupported by substantial evidence." (*Id.* at 22, 26, 28, 30).  The Court therefore rejects these assignments of error.  *See Gonsalves v. Comm'r of Soc. Sec.*, No. 6:17-CV-967-ORL-18DCI, 2018 WL 3639920, at *2 (M.D. Fla. June 18, 2018), *report and recommendation adopted*, No. 6:17-CV-967-ORL-18DCI, 2018 WL 3637522 (M.D. Fla. July 31, 2018) (citing *Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 777 n.2 (11th Cir. 2016)); *Davis v. Comm'r of Soc. Sec.*, 11 F. Supp. 3d 1154, 1173 (M.D. Fla. 2014); *Castro v. Astrue*, No. 8:08-CV-769-T-33TGW, 2009 WL 1975513, at *7 (M.D. Fla. July 8, 2009).

To the extent Plaintiff's arguments could be construed as sufficient, the Court finds that the ALJ's decision is nonetheless supported by substantial evidence.  Plaintiff claims that the ALJ erred in failing to find his hand pain, back impairments, shoulder impairment, knee impairment, and hepatitis and corresponding side effects to be severe.  In concluding that Plaintiff's impairments were not severe, the ALJ found "there was simply not enough evidence to conclude that the claimant's medically determinable impairments could have been reasonably expected to produce the alleged symptoms and the claimant's statements concerning that intensity, persistence and limiting effects of these symptoms." (*Id.* at 14).

In so finding, the ALJ considered Plaintiff's hearing testimony and the medical evidence and found that Plaintiff's statements about the limiting effects and severity of his impairments lacked support from the medical evidence. (*Id.*). With regard to the pain experienced, Plaintiff testified: that the pain in his hands prevented him from gripping tools and made it difficult to type or sign his name, (*id.* at 58); that depending on the day, there were times when he could not bend his little finger, (*id.* at 53); that his back pain occurred unpredictably but that the pain was increasing, (*id.* at 41-42); that at times, his shoulder pain prevented him from doing things such as combing his hair or brushing his teeth, (*id.* at 40); and that if he stands for more than 15 to 20 minutes at a time, he gets pain in his feet and lower back, (*id.* at 57-58). As for his hepatitis symptoms, Plaintiff did not testify regarding any symptoms or side effects experienced or any effect on his ability to complete work tasks. (*See generally id.* at 28-61). The ALJ found that Plaintiff's "statements during the hearing [were] not entirely consistent with the medical evidence and other evidence in the record during the relevant period" and that Plaintiff's testimony "added little to show that his impairments affected his ability to work" and "failed to corroborate the allegations regarding the severity of his own symptoms." (*Id.* at 14-15).

These findings are supported by the record medical evidence, which the ALJ considered and weighed in concluding that Plaintiff's impairments were not severe. (Tr. at 14-15). The Court notes that there appears to have been a gap in treatment between December 2014 to February 2016. Despite Plaintiff's blanket statements that his impairments are severe, treatment notes from both a few months before the alleged onset date and following the onset date show that he did not appear to be in acute distress and denied joint pain and deformity. For example, in August 2014, Plaintiff denied "arthritis, back pain, gout, joint deformity, joint pain, muscle weakness, stiffness." (*Id.* at 530). Treatment notes from October 2014, December 2014,

February 2016, April 2016, May 2016, June 2016, and September 2016 contain similarly unremarkable, if not identical, assessments. (*Id.* at 519-20, 522-23, 526-27, 554-55, 576-77, 579-80).

With regard to Plaintiff's hepatitis symptoms, while Plaintiff is correct that he "was repeatedly assessed with hepatitis C" and that in 2009, he was diagnosed with chronic hepatitis with moderate necro-inflammatory activity and fibrosis, (*see, e.g.*, *id.* at 377, 389, 394, 402, 408, 411, 424, 464, 470, 477, 490, 521, 524, 527, 531, 555, 560, 578, 581, 584, 587, 599, 611, 616, 624, 630, 633, 646, 686, 692, 699, 712), diagnoses themselves are insufficient, *Wind*, 133 F. App'x at 690. As noted by Defendant, October 2014 treatment notes reflect that a complete abdominal ultrasound was normal, (*id.* at 732); December 2014 treatment notes reflect that Plaintiff had "no signs of decompensated cirrhosis with lower leg edem[a], ascites, asterixis or encephalopathy" and that the doctor determined his care was "[s]elf-limited or [m]inor [s]everity" and that his diagnosis, management options, and risk were minimal, (*id.* at 527-28); and a March 2016 ultrasound of his right upper quadrant, including his pancreas, liver, gall bladder, and kidney, was "unremarkable," (*id.* at 532). Plaintiff began a hepatitis C medication regimen in 2016, to which he "had an excellent response" within 10 weeks. (*Id.* at 548, 579). May 2016 treatment notes reflect that he experienced no side effects from treatment and had no signs of decompensated cirrhosis. (*Id.* at 582).

It is the ALJ's job to evaluate and weigh evidence and resolve any conflicts in the record. "In reviewing an ALJ's decision, we may not decide the facts anew, make credibility determination[s], or re-weigh the evidence, and we must affirm the ALJ's findings if they are supported by substantial evidence, even if the evidence preponderates against them." *Jones v. Soc. Sec. Admin., Comm'r*, 695 F. App'x 507, 508 (11th Cir. 2017) (citing *Mitchell v. Comm'r,*

*Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel v. Comm'r, Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011)). The Court finds that the ALJ's decision is supported by substantial evidence, as outlined above.

> **B.** **Whether the ALJ Erred in Rejecting Dr. Thomas Peele's Opinion That Plaintiff Suffered from Severe Impairments.**

Next, Plaintiff argues that the ALJ erred in rejecting the opinion of non-examining Agency consultant, Dr. Thomas Peele. (Doc. 19 at 15-18). Dr. Peele opined that Plaintiff's medically determinable discogenic and degenerative back disorder was severe but that there was insufficient evidence to evaluate the claim. (Tr. at 74-75). The ALJ gave this opinion partial weight, finding that "[a]ssuming that the evidence is sufficient to determine that the claimant has severe impairments, then presumably, it would follow that there is sufficient evidence to provide limitations caused by his severe impairments." (*Id.* at 16). The ALJ continued, "This cannot be so, as the evidence cannot be both sufficient and insufficient. In this case, I find that the evidence during the relevant period is insufficient, and therefore his impairments are nonsevere for the purpose of disability review." (*Id.*).

Plaintiff contends that "[t]he ALJ conflated the separate issues of whether Plaintiff had severe impairments and, if so, what limitations they imposed on his residual functional capacity." (Doc. 19 at 16). He argues that "[c]ontrary to the ALJ's statement, evidence can 'be both sufficient [to determine that Plaintiff suffers from severe impairments] and insufficient [to determine the limitations such impairments impose on Plaintiff's RFC]." (*Id.*) (second and third alterations in original). Plaintiff asserts that instead of rejecting Dr. Peele's opinion, the ALJ had an obligation to further develop the record so that he could determine what limitations his impairments imposed on his RFC. (*Id.*).

When weighing medical opinion evidence, an ALJ considers numerous factors, including the examining relationship, the treatment relationship, and the extent to which the opinion is supported or consistent with the record. 20 C.F.R. § 404.1527(c). An ALJ may discount a medical opinion that is conclusory or inconsistent with the record or when the evidence supports a contrary finding. *Id.*

The Court finds substantial evidence supports the ALJ's decision. First, as a non-treating doctor, the ALJ was not required to defer to Dr. Peele's opinion. *Beegle v. Soc. Sec. Admin.*, 482 F. App'x 483, 488 (11th Cir. 2012) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)). Furthermore, with regard to Plaintiff's argument that the ALJ should have further developed the record, the ALJ already had evidence before him upon which to base his decision. Plaintiff relies on *Ford v. Secretary of Health & Human Services*, 659 F.2d 66, 69 (5th Cir. 1981), for the premise that an ALJ's decision is unsupported by substantial evidence if the ALJ "does not have before him sufficient facts on which to make an informed decision." (Doc. 19 at 17). However, as detailed above, the medical evidence supports the ALJ's determination that Plaintiff's impairments were not severe. Thus, even assuming, *arguendo*, the ALJ erred in giving Dr. Peele's opinion partial weight, any such error is harmless because the ALJ would have nonetheless found that the evidence submitted by Plaintiff "does not support the claimant's allegations regarding the severity of his impairments prior to his date last insured" and that "there is insufficient evidence to find that his symptoms cause severe limitations in his physical functioning." (Tr. at 16). For these reasons, the Court finds no merit in Plaintiff's second assignment of error.

## III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the

Court finds that substantial evidence supports the ALJ's decision and that the decision was decided upon proper legal standards. Accordingly, it is hereby **ORDERED** that the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 30, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties